# RECORD IMPOUNDED

**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4088-23

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

C.M.,

     Defendant-Appellant.

_____

Submitted April 13, 2026 – Decided April 28, 2026

Before Judges Walcott-Henderson and Bergman.

On appeal from the Superior Court of New Jersey, Law Division, Cape May County, Indictment No. 16-06-0589.

Jennifer N. Sellitti, Public Defender, attorney for appellant (Suzannah Brown, Designated Counsel, on the brief).

Jeffrey H. Sutherland, Cape May County Prosecutor, attorney for respondent (James E. Moore, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Convicted by way of plea agreement to charges including first-degree aggravated manslaughter-extreme indifference to human life in the death of a fifteen-year-old victim, N.J.S.A. 2C:11-4(a)(1), defendant C.M. appeals from a July 25, 2024 order denying his petition for post-conviction relief ("PCR") based on ineffective assistance of counsel without an evidentiary hearing.[1] Defendant primarily argues plea counsel was ineffective for failing to argue mitigating factors at sentencing, including that defendant struggled with depression and anxiety and acted under "strong provocation." We affirm.

The relevant facts are not in dispute. Defendant pleaded guilty to the 2015 murder of fifteen-year-old N.A. in an abandoned house in Middle Township, during what he described as an argument.[2] He also admitted to concealing her mutilated body in a crawlspace beneath an abandoned home, where she was later found wrapped in a tarp. Defendant also attempted to dismember N.A.'s remains.

On July 28, 2016, a grand jury returned an indictment charging defendant with first-degree murder, N.J.S.A. 2C:11-3(a)(1); first-degree conspiracy to

---

[1] We refer to defendant by initials to maintain the confidentiality of records that were sealed under Rule 1:38-11.

[2] We use initials to protect the confidentiality of the victim in this case. R. 1:38-3(c)(12).

A-4088-23

commit murder, N.J.S.A. 2C:5-2(a) and 11-3(a)(1); first-degree felony murder, N.J.S.A. 2C:11-3(a)(3); second-degree sexual assault, N.J.S.A. 2C:14-2(c)(4); attempted aggravated sexual assault, N.J.S.A. 2C:5-1(a)(1), 14-2(a)(6); second-degree desecration of human remains, N.J.S.A. 2C:22-1(a)(1); second-degree conspiracy to commit desecration/concealment of human remains, N.J.S.A. 2C:5-2(a)(1), 22-1(a)(1); two counts of third-degree endangering the welfare of a child, N.J.S.A. 2C:24-4(a)(1) to (2); and two counts of third-degree hindering apprehension/prosecution, N.J.S.A. 2C:29-3(a)(3), (b)(1).

Following the indictment, defendant pleaded guilty to first-degree aggravated manslaughter, N.J.S.A. 2C:11-4(a), as amended. In exchange for his plea, the State agreed not to seek an extended term and to recommend a sentence of thirty years' incarceration, subject to a parole disqualifier of eighty-five percent under the No Early Release Act ("NERA"), N.J.S.A. 2C:43-7.2. Prior to sentencing, defendant moved to withdraw his guilty plea. The trial court denied the motion and scheduled the matter for sentencing.

The record shows that after the victim's family addressed the court and the prosecutor recounted the heinous nature of the crime, plea counsel admitted to the sentencing judge that he "did not find any mitigating factors to argue on behalf of [his] client," and "[he] always tr[ies] to remain intellectually honest

with the [c]ourt. And, if [he] could find a mitigating factor, it wouldn't change the ultimate result of the sentence," as this was not an open plea, but one that called for a definite sentence of thirty years. Plea counsel concluded his presentation by stating that "if there was a mitigating factor I would argue it. I could not find one, so I'm not going to make that argument here. I just ask that Your Honor go along with the [p]lea negotiation and sentencing in accordance with that [p]lea [a]greement."

The court sentenced defendant to a thirty-year term of incarceration, subject to NERA, a five-year term of parole supervision, appropriate fines and penalties, and awarded 783 days of jail credit. In sentencing defendant, the court found aggravating factors (3) "[t]he risk that the defendant will commit another offense," (6) "[t]he extent of the defendant's prior criminal record and the seriousness of the offenses of which the defendant has been convicted," and (9) "[t]he need for deterring the defendant and others from violating the law." See N.J.S.A. 2C:44-1(a). The court did not find any mitigating factors. After weighing the factors, the court concluded the aggravating factors "very substantially" outweighed the absence of mitigating factors.

Defendant appealed his sentence, which we affirmed on June 25, 2018, concluding we were "satisfied that the sentence is not manifestly excessive or

unduly punitive" and does not constitute an abuse of discretion. State v. Jackson, A-3629-17, (App. Div. June 25, 2018) (slip op. at 1).

On August 29, 2022, defendant filed a timely PCR petition as a self-represented litigant, asserting ineffective assistance of sentencing counsel[3] for failing to investigate and present mitigating evidence at sentencing, including that he suffered from depression, substance abuse, Human Immunodeficiency Virus ("HIV"), and difficult family circumstances. In his supporting certification, defendant also asserted he was previously offered a twenty-one-year plea agreement that was later withdrawn and replaced with the thirty-year NERA offer. He further certified that he suffered from physical and mental health issues and provided medical records discussing his depression and drug usage. Additionally, defendant asserted that counsel was ineffective for failing to challenge the prosecutor's alleged withholding of mitigating information related to his alleged confession. He further maintained that, had counsel contested the prosecutor's sentencing position and gone into more detail on the elements of aggravated manslaughter, he would not have accepted the plea offer.

---

[3] The same attorney represented defendant in the plea and sentencing proceedings.

A-4088-23

Judge J. Christopher Gibson, the assigned PCR judge, issued an order and statement of reasons denying defendant's PCR petition. Judge Gibson addressed defendant's argument that sentencing counsel's performance was deficient for failing to present several mitigating factors: (3) defendant acted under strong provocation, (4) substantial grounds tending to excuse or justify the defendant's conduct, (8) defendant's conduct was the result of circumstances unlikely to recur, and (11) imprisonment of the defendant would entail excessive hardship. See N.J.S.A. 2C:44-1(b)(3) to (4), (8), (11). The PCR judge concluded that the record did not support those factors and, in any event, defendant could not establish prejudice because the plea agreement called for a thirty-year NERA sentence, which was imposed. The PCR judge also rejected defendant's claims that sentencing counsel failed to investigate his mental health and appellate counsel was ineffective for not appealing the denial of venue and severance motions, and that the State improperly withdrew an earlier twenty-one-year plea offer, finding no support for any of those contentions.

The PCR judge next addressed defendant's argument that sentencing counsel's representation was deficient because counsel failed to "work up" his alleged mental health claim. In rejecting this argument, the PCR judge reasoned that there was no evidence beyond defendant's certification that counsel was

A-4088-23

aware of any mental health issue, particularly because defendant reported during his presentence interview that his mental health was "good." Applying the standard articulated in Strickland v. Washington, 466 U.S. 668 (1984), the PCR judge concluded that defendant failed to establish a prima facie case of ineffective assistance of either sentencing or appellate counsel, and was therefore not entitled to an evidentiary hearing. Defendant appealed, asserting the following sole point for our consideration:[4]

> POINT I
>
> THE PCR COURT ERRED IN DENYING THE PCR WITHOUT AN EVIDENTIARY HEARING BECAUSE [DEFENDANT] ESTABLISHED A PRIMA FACIE CASE THAT HE RECEIVED INEFFECTIVE ASSISTANCE OF COUNSEL AT SENTENCING.

We review the PCR court's legal and factual determinations de novo because it rendered its decision without an evidentiary hearing. State v. Harris, 181 N.J. 391, 419 (2004); State v. Aburoumi, 464 N.J. Super. 326, 338-39 (App.

---

[4] Following defendant's appeal, we remanded the matter to the trial court for the limited purpose of addressing whether the court had reviewed defendant's self-represented supplemental brief and to determine whether a testimonial hearing was warranted on defendant's claim of ineffective assistance of counsel. In an order dated May 21, 2025, the PCR court confirmed it had "fully reviewed [defendant]'s supplemental [self-represented] submission and [found] that no additional issues remain unresolved," a testimonial hearing was not warranted, and the court's July 22, 2024 decision remained in full force and effect.

A-4088-23

Div. 2020). As directed by our Supreme Court, we "view the facts in the light most favorable to the defendant." State v. Jones, 219 N.J. 298, 311 (2014). We review under an abuse-of-discretion standard the PCR court's decision to proceed without an evidentiary hearing. State v. L.G.-M., 462 N.J. Super. 357, 365 (App. Div. 2020).

To establish a claim of ineffective assistance of counsel, a defendant must demonstrate: (1) counsel made errors so serious that counsel was not functioning as the counsel guaranteed the defendant by the Sixth Amendment and (2) the deficient performance prejudiced the defense. Strickland, 466 U.S. at 687 (quoting U.S. Const. amend. VI); Fritz, 105 N.J. at 58 (1987) (adopting the Strickland two-prong test in New Jersey); see also State v. Gideon, 244 N.J. 538, 550-51 (2021) (describing the two required prongs under Strickland). The first prong of the Strickland test requires a defendant to establish that counsel's performance was deficient. State v. Preciose, 129 N.J. 451, 463 (1992).

"The second, and far more difficult, prong of the [Strickland] test is whether there exists 'a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" Id. at 463-64 (quoting Strickland, 466 U.S. at 694). This prima facie claim must

raise more than mere bald, vague, or conclusory assertions or statements. State v. Cummings, 321 N.J. Super. 154, 170 (App. Div. 1999).

Moreover, courts operate under a strong presumption that counsel rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment. State v. Young, 474 N.J. Super. 507, 516 (App. Div. 2023), certif. denied, 254 N.J. 63 (2023); see also Strickland, 466 U.S. at 689. Further, because prejudice is not presumed, a petitioner has the burden to show "how specific errors of counsel undermined the reliability of the finding of guilt." Young, 474 N.J. Super. at 516 (quoting United States v. Cronic, 466 U.S. 648, 659 n.26 (1984)).

Where, as in this case, a defendant pleads guilty, that plea must be made "voluntarily, knowingly, and intelligently." State v. J.J., 397 N.J. Super. 91, 98 (App. Div. 2007) (quoting State v. Howard, 110 N.J. 113, 122 (1988)). To demonstrate "prejudice after having entered a guilty plea, a defendant must prove 'that there is a reasonable probability that, but for counsel's errors, [they] would not have pled guilty and would have insisted on going to trial.'" State v. Gaitan, 209 N.J. 339, 351 (2012) (quoting State v. Nunez-Valdez, 200 N.J. 129, 139 (2009)). A defendant must show that, "had [they] been properly advised, it would have been rational for [them] to decline the plea offer and insist on going

to trial and, in fact, that [they] probably would have done so." State v. Maldon, 422 N.J. Super. 475, 486 (App. Div. 2011).

Before us, defendant argues that sentencing counsel provided ineffective assistance of counsel by failing to argue mitigating factors (3), (4), (8), and (11), and by failing to present evidence concerning his mental and physical health and family circumstances. Defendant further asserts that sentencing counsel's statement to the court that "if [he] could find a mitigating factor, it wouldn't change the ultimate result of the sentence" amounted to conduct that "fell far below an object[ive] standard of reasonableness." Defendant maintains there is sufficient evidence to support mitigation based on his claim that he acted in a "jealous rage" and evidence in his medical records and the presentence report reflecting substance abuse and impaired judgment at the time of the murder. He further argues the PCR court erred in not finding prejudice because the sentencing court retained discretion to impose a sentence lower than the State's recommended thirty-year NERA term.

We reject defendant's arguments and affirm the PCR court's denial of defendant's petition substantially for the reasons expressed in Judge Gibson's thorough and well-reasoned written statement of reasons. We add the following brief comments to amplify our opinion. As a threshold matter, an otherwise

valid conviction will not be overturned merely because the defendant is dissatisfied with his or her counsel's representation and exercise of judgment. See State v. Castagna, 187 N.J. 293, 314 (2006) (citing State v. Coruzzi, 189 N.J. Super. 273, 319-20 (App. Div.), certif. denied, 94 N.J. 531 (1983)).

Here, defendant pleaded guilty to an amended charge of first-degree aggravated manslaughter arising from the strangulation, assault, and ultimate death of N.A., with the understanding that the State would not seek an extended term and would recommend a thirty-year sentence. Defendant's arguments challenging the negotiated sentence are unavailing, as the record clearly establishes that he voluntarily accepted the State's offer, which specifically recommended thirty-years' incarceration. Moreover, defendant denied having any mental defect or disability that would impair his ability to enter into the plea agreement and testified that he understood both the plea and the State's recommended sentence. He also signed the plea forms evidencing his understanding and acceptance of the precise sentence imposed by the trial court. Further, defendant did not establish that counsel was provided with that information contemporaneously for use at sentencing. In any event, the record shows defendant told the court he was not suffering from any condition that impaired his judgment and reported during the presentence interview that his

mental health was "good." Under these circumstances, defendant's self-serving assertions lack any support in the record and were properly rejected by the PCR judge.

We further reject defendant's contention that sentencing counsel rendered deficient performance by failing to argue mitigating factors (3), (4), (8), and (11) at sentencing. Having conducted a de novo review of this entire record, we agree with the PCR judge's reasoning and conclusion that even if sentencing counsel was deficient for failing to present any mitigating factors for the court's consideration, "the plea agreement called for a definite sentence of [thirty] years, subject to NERA," which is precisely the term he received. In other words, sentencing counsel's alleged deficient performance did not affect the outcome of his sentence. In reaching this conclusion, we further note that defendant admitted to causing the death of his minor victim under circumstances that were particularly gruesome, as the evidence shows defendant attempted to dismember and then concealed the victim's body. Hearing this evidence, the court considered defendant's significant prior criminal record and concluded that the thirty-year term recommended by the State was warranted based on the weight of the aggravating factors. Thus, defendant's argument that mitigating factors

(3), (4), (8), and (11) would have outweighed the aggravating factors found by the court amounts to mere speculation.

Additionally, as defendant's sentence resulted from a plea agreement, he is required to establish that but for sentencing counsel's alleged errors, there is a reasonable probability that he would not have pleaded guilty and would have insisted on going to trial. Gaitan, 209 N.J. at 351. However, given defendant's extensive prior criminal record, his exposure to an extended prison term, and the strength of the State's case, he cannot demonstrate a reasonable probability that he would have rejected the plea offer or that doing so would have resulted in a more favorable outcome.

We similarly reject defendant's argument that the PCR judge erred in failing to find sentencing counsel's representation deficient based on the State's improper withdrawal of a binding twenty-one-year plea offer. Defendant points to a June 29, 2017 email from the prosecutor stating that if defendant were willing to plead guilty to certain charges and provide truthful testimony, the prosecutor "would be willing to discuss the matter with [N.A.'s] family and recommend to them that we resolve the matter" by plea agreement. This email, however, reflects only the possibility of future negotiations and was not a definitive offer capable of acceptance. See State v. Williams, 277 N.J. Super.

13

40, 49 (App. Div. 1994) (recognizing that plea negotiations are governed by general contract principles, and that a plea agreement requires a clear offer and acceptance).

Lastly, we reject defendant's claim that appellate counsel was ineffective for failing to challenge the denial of his motions for change of venue and severance. Appellate counsel is not required to raise every conceivable issue on appeal and has no duty to advance arguments that are unlikely to succeed or would be deemed harmless. See State v. Morrison, 215 N.J. Super. 540, 549 (App. Div. 1987). And, defendant offers no support for his contention that such a motion would have been successful on appeal given the trial court's reasoning in denying the motion.

In sum, we conclude defendant has not established that sentencing or appellate counsel's representation was constitutionally deficient, and thus the PCR court properly denied his PCR petition under Strickland. Taken together, defendant's arguments amount to bald assertions, unsupported by the record, which are insufficient to establish either prong of Strickland. Having failed to establish a prima facie case of ineffective assistance, defendant is not entitled to an evidentiary hearing. Preciose, 129 N.J. at 462-63.

A-4088-23

To the extent we have not addressed any of defendant's remaining arguments, including the claims raised in his self-represented brief, we discern they are without sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(2).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

M.C. Harley

Clerk of the Appellate Division